ELSIE SAMSTAG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. JACQUIN ROTHSCHILD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HELEN R. KANN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 47929, 47930, 47984. Promulgated September 8, 1932.

*William J. Byrne*, Esq., and *Joseph Getz.*, C. P. A., for the petitioners.

*L. W. Creason*, Esq., for the respondent.

958

## OPINION.

TRAMMELL: The petitioners contend that for the purpose of computing their normal tax they are each entitled to an undiminished credit of $6,000, representing one-fourth of the total amount of dividends received by the residuary estate of Jacob Rothschild during 1926, and that the respondent's action in reducing the credit so taken by them was erroneous. The respondent contends that, since the expenses of the estate exceeded the income from sources other than dividends, such excess operated to reduce the amount of dividends distributable to the petitioners, and consequently his action in reducing accordingly the credit of $6,000 taken by the petitioners on account of such dividends for the purpose of computing normal tax was correct.

Section 219 of the Revenue Act of 1926 provides in part as follows:

SEC. 219. (a) The tax imposed by Parts I and II of this title shall apply to the income of estates or of any kind of property held in trust, including—

\*    \*    \*    \*    \*    \*    \*

(3) Income received by estates of deceased persons during the period of administration or settlement of the estate; and

\*    \*    \*    \*    \*    \*    \*

(b) Except as otherwise provided \* \* \* the tax shall be computed upon the net income of the estate or trust and shall be paid by the fiduciary. The net income of the estate or trust shall be computed in the same manner and on the same basis as provided in section 212, except that—

\*    \*    \*    \*    \*    \*    \*

(3) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, * * * there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir or beneficiary.

*       *       *       *       *       *       *

(d) If any part of the income of an estate or trust is included in computing the net income of any legatee, heir, or beneficiary, such legatee, heir or beneficiary shall, for the purpose of the normal tax, be allowed as credits, in addition to the credits allowed to him under section 216, his proportionate share of such amounts specified in subdivisions (a) and (b) of section 216 as are, under this section, *required to be included* in computing his net income. [Italics supplied.]

Section 216 of the Revenue Act of 1926 provides:

SEC. 216. For the purpose of the normal tax only there shall be allowed the following credits:

(a) The amount received as dividends (1) from a domestic corporation * * *.

Under the above quoted provisions of subdivisions (a) and (b) of section 219 of the Revenue Act of 1926 it seems clear that the income of an estate is to be computed separately from the shares or interests of the beneficiaries thereof. Aside from the additional deduction provided, its income is to be computed in the same manner and on the same basis as that of an individual. This means that its net income is the excess of total gross income, as defined by the act, over the total allowable deductions. The income of the estate here involved arrived at in that manner was $20,046.62. But the estate, under the statute, was entitled to an additional deduction—the amounts of income of the estate during the taxable year which were paid or credited to the beneficiaries. In the instant case these amounts were the balance remaining after deducting expenses from the total income received, or $20,046.62. Under paragraph (3) of subdivision (b) of section 219 it was the proportional part of this amount that the petitioners were required to report in their returns and include in computing their net income, and not their proportional part of the dividends amounting to $24,000 received by the estate during the year. We find nothing in section 219 or elsewhere in the act requiring the beneficiaries of an estate to report as income a total amount in excess of the net income of the estate. Nor do we find anything authorizing the beneficiaries of an estate to take as deductions in their returns the proportional parts of expenses of the estate, which was the effect of the method used by the petitioners.

Since the income of the estate from sources other than dividends was insufficient to pay the expenses of the estate, such deficiency would have to be met from the income received as dividends, and

consequently the amount remaining after making deduction for expenses represented dividends. This amount was $20,046.62. Since the petitioners were required to include in their income only their proportional part of this amount, it was only such proportional part that they were entitled, under subdivision (d) of section 219, to use as a credit in computing their normal tax. In determining the deficiencies here involved the respondent included in the income of each petitioner, as dividends received from the estate, only such petitioner's proportional part of the amount of $20,046.62, and he allowed each as a credit for dividends received from the estate in computing normal tax the amount so included. We think the respondent's action was in conformity with the statute, and, therefore, it is sustained.

In their brief the petitioners advance the argument that, as a result of the agreement among themselves, their ownership and control of the assets of the estate were, to all practical intents and purposes, the same as partners, and that they each received a proportional part of the full amount of dividends received by the estate and that each sustained a proportionate share of the expenses of the estate and are entitled so to treat them in their returns.

The parties have stipulated that the "residuary legatees agreed, for the purpose of administration, and control, to keep the assets representing the residue of the Estate intact and not to make a distribution in accordance with the terms of the Will." For 1926 a return of income was filed for the "Residuary Estate of Jacob Rothschild," showing Joseph J. Rothschild and J. Jacquin Rothschild as executors, and it was sworn to by each of them as "Executor." We find nothing in the evidence to indicate that the administration or settlement of the estate of Jacob Rothschild has been completed and the executors of the will discharged, but, much to the contrary, we have considered the estate to be in the process of administration or settlement. The estate still being in the process of administration or settlement, we think the contention of the petitioners that each received a proportional part of the full amount of dividends received by the estate and that each sustained a proportional share of the expenses and is entitled so to treat them in his return is without basis.

The effect of granting the contention of the petitioners would be to ignore the identity of the estate, which is recognized by the statute.

*Judgment will be entered for the respondent.*